**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4043**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MAURICE RAYMOND JOHNSTON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.   James C. Fox, Senior
District Judge.  (4:07-cr-00071-F-1)

Submitted:  November 22, 2010      Decided:  December 20, 2010

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, James E. Todd, Jr., Research
and Writing Attorney, Raleigh, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Jennifer P. May-
Parker, Eric D. Goulian, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Raymond Johnston appeals his sentence of eighty-seven months in prison after pleading guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (West 2000 & Supp. 2010). On appeal, he contends that the district court committed procedural error by failing to adequately explain its decision to reject his request for a within-Guidelines sentence and instead to impose a one-level upward departure to Johnston's criminal history category because it under-represented Johnston's criminal history. We affirm.

This court reviews for abuse of discretion sentences imposed by a district court.[*] Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). A sentence is procedurally unreasonable when a district court commits "significant procedural error," including "failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. Thus, the sentencing court "'must state in open court the particular

[*] The Government argues that Johnston waived this ground at sentencing, or else failed to preserve it. Review of the record belies this claim. Additionally, defense counsel's arguments corresponded sufficiently with the statutory factors in 18 U.S.C. § 3553(a)(1)-(2) (2006) to preserve the issue of whether the district court adequately explained its sentence. See United States v. Lynn, 592 F.3d 572, 581 (4th Cir. 2010).

reasons supporting its chosen sentence.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting 18 U.S.C. § 3553(c) (2006)).

A district court's explanation "need not be elaborate or lengthy." Id. at 330. Instead, it need only show "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations in original), cert. denied, __ S. Ct. __, 2010 WL 2345029 (U.S. Oct. 4, 2010) (No. 09-1512). The court need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). An explanation is adequate when it "allow[s] for meaningful appellate review and . . . promote[s] the perception of fair sentencing." Gall, 552 U.S. at 50.

Johnston contends that his sentence must be vacated because the district court did not explain its reasons for rejecting his arguments in favor of a within-Guidelines sentence. The Government contends that no error occurred. Our review of the record convinces us the Government is correct. Both Johnston and his attorney offered reasons for the district court to impose a within-Guidelines sentence, including the nature and circumstances of Johnston's offense and his history

3

and characteristics. The district court responded to Johnston's request with a recitation of Johnston's criminal history, concluding "that the criminal history category of IV grossly under represents your propensity for violence and high risk to commit additional crimes." (J.A. 84). The record demonstrates that the district court determined that Johnston's history of violent and drug-related crimes and institutional offenses, particularly a 2001 conviction for discharging a shotgun into an occupied vehicle, outweighed any mitigating factors. We discern no basis to question the propriety of the court's exercise of its discretion.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED